IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00215-MSK-CBS

JAMES LOVELL NASH,

    Plaintiff,

v.

UNKNOWN NUMBER OF AURORA POLICE OFFICERS,
OFFICER IRONS, Aurora Police Dept.,
OFFICER SHELTON, Aurora Police Dept., and
JOHN DOE 1, Aurora Police Dept.,

    Defendants.

## ORDER DISMISSING CLAIMS AND
## DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

THIS MATTER comes before the Court on an Order to Show Cause Why the Plaintiff's Claims Should not be Dismissed **(#29)**. The Plaintiff did not timely respond to the Order to Show Cause. The Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in January 2006, while incarcerated in the Arapahoe County Detention Facility. His last filing in this case occurred on April 17, 2006 **(#14)**. Subsequently, mail sent to the Plaintiff by this Court was returned as undeliverable with a notation that he is no longer incarcerated **(#22)**. Therefore, the Court ordered the Plaintiff to show cause why his claims should not be dismissed and set July 7, 2006 as the deadline for responding to the Order.

As a *pro se* litigant, the Plaintiff is required to comply with all rules of this Court. *See*

*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  The Plaintiff failed to comply with D.C.COLO.LCivR 10.1(M), which requires a party to notify the Court of a change of address within 10 days of any such change.

Pursuant to D.C.COLO.LCivR 41.1, the Court may dismiss the Plaintiff's claims for his failure to comply with Local Rule 10.1(M).  In determining whether the sanction of dismissal is appropriate, the Court considers the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  These factors are: (1) the prejudice to the Defendants; (2) the extent to which the Plaintiff's conduct interfered with the judicial process; (3) the Plaintiff's culpability; (4) whether the Court warned the Plaintiff that dismissal was a possible sanction for his conduct; and (5) whether a lesser sanction would have any efficacy.

These factors favor dismissal.  The Plaintiff's failure to inform the Court of his mailing address has interfered with any further judicial process in this case.  Nothing short of a dismissal, without prejudice, will have any impact.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims are **DISMISSED**, without prejudice, and the Clerk of Court is directed to close this case.

Dated this 9th day of August, 2006

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge